## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS EASTERN DISTRICT

DARLENE RUDOLPH, mother and next friend of )
Antoine Rudolph, Jr. (a minor), )
                       Plaintiff, )
                       v. )
ELVIN JONES, in his individual capacity, and as )
agent/police officer for the Village of Robbins, and )
the Village of Robbins, a municipality in the State )
of Illinois, )
                       Defendants. )

**JUDGE MORAN**

**00C 3570**

**MAGISTRATE JUDGE BOBRICK**

### COMPLAINT

### -INTRODUCTION-

1.) This is an action for monetary damages, brought by Darlene Rudolph, as mother and next friend of her minor son, Antoine Rudolph, Jr. ("Plaintiff"), against Elvin Jones, in his individual capacity and as agent/police officer of the Village of Robbins and against the Village of Robbins, a municipality, for a shooting incident occurring February 10, 2000.

### -JURISDICTION-

2.) Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against Elvin Jones, police officer of the Village of Robbins, in his individual capacity, as well as agent/police officer for the Village of Robbins, and the Village of Robbins, Illinois. Jurisdiction is further based upon 28 U.S.C. §§1331 and 1343 and on the pendant jurisdiction of this Court to entertain claims arising under state law.

## -PARTIES-

3.) Darlene Rudolph was at all times relevant the mother and next friend of her minor son, Antoine Rudolph, Jr., both citizens of the United States and residents of the County of Cook, State of Illinois.

4.) Defendant, Elvin Jones, was at all times relevant, a duly appointed police officer of the Village of Robbins police department, acting within the scope of his employment; under color of the statutes, ordinances, regulations, police customs and usages of the Village of Robbins and/or the State of Illinois.

5.) Defendant, Village of Robbins, is a municipal corporation, located in the County of Cook, State of Illinois, and at all times relevant, the public employer of Elvin Jones.

## -FACTS-

6.) On or about February 10, 2000, sometime in the early evening, Plaintiff, Antoine Rudolph, Jr., was a rear-seat passenger in one certain vehicle, exiting one certain trailer park in the Village of Robbins, State of Illinois.

7.) At the date, time and location aforesaid, shots were fired from a source outside the aforesaid vehicle, putting Plaintiff in reasonable apprehension and fear for his safety; said shots (upon Plaintiff's information and belief) caused the driver of said vehicle to speed away from that location.

8.) Immediately thereafter, a chase of the aforesaid vehicle (in which Plaintiff was a rear-seated passenger) occurred during which time (upon Plaintiff's information and belief) various police officers of the Village of Robbins began shooting at and/or chasing the

vehicle in which Plaintiff was a passenger. Some of said shots (upon Plaintiff's information and belief) struck the vehicle in which Plaintiff was a passenger.

9.) Sometime after the aforesaid chase began, the driver of the vehicle in which Plaintiff was a passenger came to a rapid stop at a location (upon Plaintiff's information and belief) to be in the approximate vicinity of 3209 South Nelson, Robbins, Illinois. Fearful for his life and safety, Plaintiff exited the vehicle and fled from the scene.

## COUNT I

### (§1983 Against Officer Elvin Jones)

10.) At all times relevant, Plaintiff had a due process right under the Fourth and Fourteenth Amendments of the Constitution of the United States to:

   a. be free from unreasonable seizure;

   b. be free from cruel and unusual punishment; and/or

   c. be free from great bodily harm unless it was reasonably believed necessary to prevent imminent death or great bodily harm to another.

11.) At the aforesaid time, date and location, upon Plaintiff's information and belief, Defendant, Elvin Jones, acting as a police officer under the supervision and/or at the direction of his superiors (names thereof presently unknown to Plaintiff) and/or of his employer, the Village of Robbins, drew his weapon and pointed it at Plaintiff in order to seize or arrest Plaintiff.

12.) On the aforesaid date, time and location, Defendant Elvin Jones fired his weapon, wounding Plaintiff.

13.) Upon Plaintiff's information and belief, immediately thereafter, Defendant Elvin Jones, took Plaintiff into custody and thereafter had Plaintiff transported to Christ Hospital for medical treatment.

14.) At no time(s) relevant was Plaintiff in the act of, or threatening (in any manner) to do bodily harm (or cause death) to himself or others; nor was Plaintiff a threat to the safety of himself or others.

15.) Upon Plaintiff's information and belief, Defendant Elvin Jones had no warrant for Plaintiff's arrest, no probable cause for the arrest of Plaintiff and no legal cause or excuse to seize Plaintiff's person and cause Plaintiff bodily harm.

16.) Upon Plaintiff's information and belief, Defendant Elvin Jones further had no reasonable belief that shooting Plaintiff was necessary to prevent death or great bodily harm to himself or any other person, nor did he have any reasonable belief that shooting Plaintiff was necessary to prevent an arrest from being defeated by resistance or escape; and that Plaintiff had committed or attempted a forcible felony which involved the infliction or threatened infliction of great bodily harm, or that Plaintiff was attempting to escape by use of a deadly weapon, or otherwise indicated that he (Plaintiff) would endanger human life or inflict great bodily harm unless arrested without delay.

17.) The action of Elvin Jones violated the following clearly established and well settled federal constitutional rights of Plaintiff:

   a. to be free from the unreasonable seizure of Plaintiff's person;

   b. to be free from the use of excessive, unreasonable and unjustified force against his person.

18.) As the direct and proximate cause of the said acts of officer Elvin Jones, Plaintiff, Antoine Rudolph, Jr. suffered the following injuries and damages:

   a. violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable seizure of his person;

   b. loss of his physical liberty; and/or

   c. physical pain and suffering, emotional trauma, loss of normal life and the costs of Plaintiff's medical treatment.

## COUNT II

### (Assault and Battery Against Officer Jones)

19.) Paragraphs one (1) through eighteen (18) are hereby fully incorporated herein by this reference as though fully set forth.

20.) Defendant, Elvin Jones, by virtue of his aforesaid conduct, intentionally assaulted and battered Plaintiff.

21.) As a direct result of this assault and battery, plaintiff, Antoine Rudolph, Jr. suffered damages as aforesaid.

## COUNT III

### (42 U.S.C. § 1983 Against Village of Robbins)

22.) Paragraphs one (1) through eighteen (18) are hereby fully incorporated herein by this reference as though fully set forth.

23.) Upon Plaintiff's information and belief, the Village of Robbins developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Robbins, which caused the violation of Plaintiff's rights.

24.) Upon Plaintiff's information and belief, at all times relevant, it was the policy and/or custom of the Village of Robbins to inadequately and improperly investigate citizen complaints of police misconduct; and acts of misconduct were instead tolerated by the Village of Robbins.

25.) Upon Plaintiff's information and belief, it was the policy and/or custom of the Village of Robbins to inadequately supervise and train its police officers, including the defendant officer, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The Village did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

26.) As a result of the above described policies and customs, police officers of the Village of Robbins, including the defendant officer, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

27.) The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the Village of Robbins to the constitutional rights of persons within the village, and were the cause of the violations of Plaintiff's rights alleged herein.

28.) As a direct result of the foregoing, Plaintiff, Antoine Rudolph, Jr. suffered damages as aforesaid.

WHEREFORE, Plaintiff requests that this Court:

   a. Award compensatory damages to Plaintiff against the Defendants, jointly and severally;

   b. Award reasonable attorney's fees and costs to the plaintiff on Counts I and III of this complaint;

   c. Award costs of this action to Plaintiff;

   d. Award such other and further relief as this Court may deem appropriate.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

Dated: June 8, 2000

PLAINTIFF

By: _____
David G. McDermott,
One of Plaintiff's Attorneys

David G. McDermott
McDermott & McDermott, Ltd.
4343 W. Lincoln Highway, Suite 303
Matteson, Illinois 60443
(708) 747-9440
Attorney No. 3123478

McDermott\Client-Files\General\Rudolph_Antoine\Complaint.wpd

7

JS 44
(Rev. 12/96)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
DARLENE RUDOLPH MOTHER AND NEXT OF FRIEND OF ANTOINE RUDOLPH JR.

**DEFENDANTS**
ELVIN JONES IN HIS INDIVIDUAL CAPACITY AND AS AGENT POLICE OFFICER FOR THE VILLAGE OF ROBBINS AND THE VILLAGE OF ROBBINS A MUNICIPALITY AND THE STATE OF ILLINOIS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Cook
(IN U.S. PLAINTIFF CASES ONLY)

JUDGE MORAN
MAGISTRATE JUDGE BOBRICK

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
McDERMOTT & McDERMOTT LTD
4343 W. LINCOLN HWY #303
MATTESON IL 60443 (708) 747-9440

00C 3570

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

☒ 440 Other Civil Rights

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☒ YES ☐ NO

**VIII. This case** ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 6/14/00
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT