

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3570 - ` | DATE | 8/20/2002 |
| CASE TITLE | Darlene Rudolph etc. Vs. Elvin Jones etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for summary judgment is denied, and plaintiff's motion for summary judgment is denied. Plaintiff's motion to strike is denied as moot. Status hearing set for September 10, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 2 1 2002 | |
| | Notified counsel by telephone. | | date docketed | 50 |
| ✓ | Docketing to mail notices. | | WB | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 21 2002

DARLENE RUDOLPH, mother and next )
friend of Antoine Rudolph, Jr. (a minor), )
)
          Plaintiff, )
)
  vs. )  No. 00 C 3570
)
ELVIN JONES, in his individual capacity )
and as agent/police officer for the Village )
of Robbins, and the VILLAGE OF )
ROBBINS, a municipality in the State )
of Illinois, )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Darlene Rudolph brings this action against Elvin Jones (Jones) and the Village of Robbins (village) alleging unreasonable use of force (count I), assault and battery (count II), inadequate training (count III), and malicious prosecution (count IV). Defendants now move for summary judgment on the complaint, and plaintiff moves for summary judgment on the malicious prosecution claim. For the following reasons, both motions are denied.

Plaintiff has also filed a motion to strike portions of defendants' statement of facts and any section of their summary judgment motion that relies on those facts. Insofar as any of defendants' facts are inadmissable or irrelevant to the summary judgment motions, we disregard them in our considerations.

## BACKGROUND

Darlene Rudolph brings this action on behalf of her minor son, Antoine Rudolph, Jr. (plaintiff). On February 10, 2000, plaintiff was a passenger in the back seat of a 1988 Chevrolet Corsica. He was driven to a trailer court by two friends, where they picked up



another passenger who joined plaintiff in the back seat. Jones, a Robbins police officer on duty that day, heard over the radio that shots had been fired in the trailer court, that there were subjects with weapons, and that backup was needed. He parked his car outside the entrance/exit to the trailer court and saw the Corsica drive out. The parties disagree as to whether shots had been fired in the trailer court prior to the car's exit.

After its exit from the trailer court the Corsica was pursued and fired upon by Robbins police. At some point the car came to a stop and plaintiff exited and began running. Jones exited his car and pursued plaintiff on foot. The parties dispute whether plaintiff knew he was being pursued by Jones and whether Jones warned him to stop and show his hands. Plaintiff ran to a back yard and while crossing a fence was shot by Jones. Plaintiff claims that Jones kicked him after he was shot and lying on the ground. No weapon was found on plaintiff, in the Corsica, or on the other passengers.

At some point Jones was informed that the Corsica came up as stolen on the police vehicle identification search. Jones initiated a criminal prosecution against plaintiff which charged him with unlawful trespass to a vehicle. The driver and the other back seat passenger were not charged. Plaintiff's prosecution was dropped by the state's attorney on November 2, 2000.

## DISCUSSION

Summary judgment is appropriate if the pleadings, affidavits, depositions, interrogatory answers, and admissions on file show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S.317, 322-23 (1986). In considering a motion for summary judgment we construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Skorup

v. Modern Door Corp., 153 F.3d 512, 514 (7th Cir. 1998); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A genuine issue of material fact exists if there is sufficient evidence for a reasonable fact-finder to decide an issue in favor of the non-moving party. Eiland v. Trinity Hosp., 150 F.3d 747, 750 (7th Cir. 1998).

Plaintiff brings count 1 under 42 U.S.C. § 1983, alleging violations of his constitutional right to be free from excessive use of force. Force used in the course of making an arrest or stop constitutes a Fourth Amendment seizure. Graham v. Connor, 490 U.S. 386, 388 (1989). A seizure by shooting is constitutionally sound if it is objectively reasonable. *Id.* A shooting of a fleeing suspect will be objectively reasonable only when the officer has probable cause to believe that a suspect poses a significant threat of serious physical injury to himself, the officer, or others, and when the officer, where feasible, has given some warning. Tennessee v. Garner, 471 U.S. 1, 3 (1985); Starks v. Enyart, 5 F.3d 230, 233 (7th Cir. 1993). We look to the circumstances around the shooting itself to determine reasonableness rather than the events leading up to that moment. Gardner v. Buerger, 82 F.3d 248, (8th Cir. 1996). We also look with the perspective of a reasonable officer on the scene, rather than with hindsight, allowing for the fact that police officers are often in circumstances that are uncertain and rapidly evolving. Graham, 490 U.S. at 397.

Jones asserts that the heightened circumstances surrounding the shooting show that he acted reasonably. The parties have offered conflicting deposition and affidavit testimony regarding whether Jones warned plaintiff before shooting. They dispute whether Jones kicked plaintiff after he was lying on the ground. Plaintiff has provided testimony that he had both hands on the fence when he was shot. Under the summary judgment standard plaintiff has offered sufficient evidence for a reasonable jury to find excessive force was used.

Jones will have an opportunity at trial to present his testimony justifying his use of force.

Jones also asserts qualified immunity to the excessive force claim. Qualified immunity will shield a police officer from liability unless his conduct violated a clearly- established constitutional right. Saucier v.Katz, 533 U.S. 194 (2001). Jones argues that even assuming that his use of force violated the Fourth Amendment, he made a reasonable mistake in using the force and is thus entitled to qualified immunity. Jones is correct in asserting that a claim of unreasonable use of force does not automatically preclude a finding of qualified immunity. *Id.* at 202. Qualified immunity will still apply to an officer using excessive force if the officer reasonably mistakes the legal constraints to his use of force. *Id.* at 205-6. Assuming that plaintiff's version of the facts is true, however, Jones did not make a reasonable mistake if he believed that it was a legal use of force to shoot a non-threatening, fleeing teenager without warning, and then kick him after he was lying on the ground.

Plaintiff also brings a section 1983 claim against the village, alleging a failure to adequately train officers in the use of force. A municipal entity cannot be vicariously liable under section 1983 for an employee's wrongdoings. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 689 (1978). In order to impose liability on a municipality, a plaintiff must show that there was a policy or custom that caused his injury. *Id.*; Canton v. Harris, 489 U.S. 378, 389 (1989). Under certain circumstances a failure to train police officers constitutes a policy that can give rise to a section 1983 claim. Canton, 489 U.S. at 380. To create liability, the failure to train must amount to deliberate indifference to the rights of people with whom the police come into contact. *Id.* at 388. An isolated incident of an employee's unconstitutional activity is not enough to impose liability on a municipality. Tapia v. City of Greenwood, 965 F.2d 336, 338 (7th Cir. 1992).

Plaintiff presents evidence that certain funds allocated annually by the village for training on the use of force had gone unspent. Officers, in deposition testimony, stated that they do not remember any such training after joining the police force. Plaintiff also points to statements from the village's chief of police stating that more training would probably lessen the occurrence of injuries. Finally, plaintiff relies on an expert opinion of a police chief from a neighboring town who states that in her opinion the village's lack of training was a moving force that resulted in Jones' shooting of plaintiff. The village counters that its officers are graduates of police academies and meet state standards for certification of police officers, including being adequately trained in the use of force.

The issue before us is whether a reasonable jury could find that the alleged lack of post-academy training by the village amounts to deliberate indifference to constitutional rights. We approach this question mindful that the village council and police department operate under budgetary constraints, and even though training programs can be improved, they must be severely inadequate to give rise to liability. <u>Canton</u>, 489 U.S. at 392. But the Supreme Court also states that "the need to train officers in the constitutional use of deadly force...can be said to be 'so obvious,' that the failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights." *Id.* at 391, fn10, *citing* <u>Tennessee v. Garner</u>, 471 U.S. 1 (1985). The village will eventually have an opportunity to present evidence that their officers are adequately trained. Under a summary judgment standard, however, plaintiff has offered sufficient evidence of deliberate indifference to go forward.

Plaintiff also alleges that Jones intentionally assaulted and battered him. Defendants respond that police officers are immune from assault and battery claims, citing the Illinois Tort Immunity Act and <u>Anderson v. Village of Forest Park</u>, 238 Ill.App.3d 83, 606 N.E.2d 205

(1ˢᵗ Dist. 1992). Under the immunity act "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. But there is an exception to tort immunity when a government employee displays wilful and wanton conduct. Anderson, 238 Ill.App.3d at 94. Wilful and wanton conduct involves intentional injury or reckless disregard for the safety of others. *Id.* Here, plaintiff has provided affidavit and deposition testimony that Jones used unreasonable force in shooting him and intentionally kicking him after he was lying on the ground. This is enough to bring the alleged conduct within the wilful and wanton immunity exception.

Plaintiff and defendants have filed cross motions for summary judgment on plaintiff's malicious prosecution claim in count IV. There are five required elements to a malicious prosecution claim in Illinois: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. Swick v. Liautaud, 169 Ill.2d 504, 512, 662 N.E.2d 1238, 1242 (1996).

Defendants attack plaintiff's claim by arguing that there was probable cause for commencing a prosecution against plaintiff. In the context of a malicious prosecution claim, probable cause exists if an ordinary, cautious and prudent person, knowing the facts known to the defendant, would have a strong suspicion that the person arrested is guilty of the charged crime. Friedes v. Sani-Mode Manufacturing Co., 33 Ill.2d 291, 295, 211 N.E.2d 286, 288 (1965). Unlawful trespass to a vehicle occurs when someone knowingly and without authority enters someone else's vehicle. People v. Bunch, 36 Ill.App.3d 235, 343 N.E.2d 575

(1st Dist. 1976).

The parties look again to the circumstances surrounding the shooting to show probable cause (or a lack of probable cause) for charging plaintiff with unlawful trespass to a vehicle. Defendants focus on the events leading up to the shooting, asserting that Jones' alleged knowledge that the vehicle was stolen, and the car chase before the shooting, created an objectively reasonable suspicion that plaintiff was knowingly in the car without authority. Plaintiff focuses on the events after the shooting, arguing that Jones' limited investigation before charging him shows that he had no basis for suspecting that plaintiff knew he was in someone else's vehicle without authority. Since a reasonable jury could find that these facts support either side, probable cause and malice are issues best weighed at trial. See Friedes at 297.

The parties also dispute whether the prosecution's *nolle prosequi* entry satisfies the favorable termination element of the claim. *Nolle prosequi* is a favorable termination of a proceeding if the abandonment of the proceedings compels an inference that there existed lack of reasonable grounds to pursue the prosecution. Swick, 169 Ill.2d at 514. It is the plaintiff's burden to provide evidence that the reason for the nolle prosequi entry was lack of reasonable grounds to find plaintiff guilty. *Id.* Plaintiff argues that the alleged lack of probable cause to commence the prosecution against him supports the inference that the prosecution was dropped because of his innocence. Since the issue of probable cause remains unsettled, plaintiff will have an opportunity to present evidence showing the meaning behind the prosecution's dropping of the charges against him.

## CONCLUSION

For the above reasons, defendants' motion for summary judgment is denied, and

plaintiff's motion for summary judgment is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 20, 2002.